## Fields v. Commonwealth.

Feb. 8, 1946.

552

A. E. Cornett for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

Henry Fields has been sentenced to two years' imprisonment upon conviction of the charge of carnal knowledge of a girl under eighteen years of age. KRS 435.100. He appeals upon the sole ground that the court should have directed a verdict of acquittal because it was not proved that the prosecuting witness was not his wife.

The parties had lived on Cutshin Creek in Leslie County. The defendant had been hauling the prosecuting witness, Lucile Kilburn, and other girls out to the highway for transportation by bus to the high school in Hyden. She left with him in May, 1944, and went to Ohio. They went through a marriage ceremony at a Rescue Mission in Lima, on July 8th. She returned home on the 7th or 8th of September, and during the two ensuing weeks before her eighteenth birthday, on September 22d, the act of intercourse of which he was convicted occurred. It appears that Fields and the girl went back to Ohio after this and then she left him in February, 1945, in Dayton, Ohio, because of his cruel treatment, and returned to her father's home in Leslie County. She went before the grand jury in March and the indictment resulted.

The appellant argues that his marriage having been proven (which was by the prosecuting witness and a certificate of marriage produced by her on cross-examination), it is presumed valid and the marriage relation presumed to have continued. The question is whether the evidence was sufficient to overcome those presumptions.

The records of the Leslie County Court show the issuance of a marriage license for the defendant and Julia Browning on October 17, 1930, but there is no

record of the marriage having been performed. Julia's father, who was an evasive and apparently unwilling witness, testified that he was not present at the marriage ceremony, but was told they had been married at his home. It was drawn out of him that they had lived together as husband and wife at his home and the home of Fields parents, and that they had six children. The prosecuting witness testified that when she went away with Fields he told her he had been divorced, but later that he "had to get free from his wife." On September 21, 1944, a few days after the act of which he was convicted occurred, the defendant filed a suit for divorce against Julia Fields. The petition stated that they had been married on November 18, 1930, and had continued to live together as husband and wife until about the first day of March, 1944, and six children had been born to them. This was signed and sworn to by Fields personally. No judgment had been taken in the divorce case at the time of the trial. The defendant did not testify.

We think the existence of the marriage to Julia Browning and its continuance was amply established. Of course, the marriage in Ohio was bigamous and is void under the statutes of that state. Section 11181, Throckmorton's Ohio Code; Evans v. Reynolds, 32 Ohio St. 163. And, of course, it is void in this state. Kentucky Revised Statutes 402.020(3), 402.040; Leonard v. Braswell, 99 Ky. 528, 36 S. W. 684, 36 L. R. A. 707.

The appellant relies upon Taylor v. Shemwell, 43 Ky. 575, 4 B. Mon. 575, in which it said that in a civil case evidence of cohabitation as man and wife and of reputation as such is sufficient proof of marriage although it would not be in an action for criminal conversation, which is regarded as quasi criminal form of action. There is much more than that in this case, namely, the issuance of a marriage license, the oral admissions of the accused, and his verified petition for divorce filed after the commission of the offense charged. This evidence clearly established that the prosecutrix was not the defendant's legal wife.

While the prosecution seems to have been motivated by spite of the witness, nevertheless the defendant's guilt of a violation of the law was proven and he must pay the consequences.

The judgment is affirmed.